MORRIS PETERSON
Steve Morris, Bar No. 1543
Email:  sm@morrislawgroup.com
Ryan Lower, Bar No. 9108
Email:  rml@morrislawgroup.com
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada  89101
Telephone:  (702) 474-9400
Facsimile:  (702) 474-9422

Jeff M. Golub (*admitted pro hac vice*)
Email:  jgolub@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas  77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

Attorneys for Defendant
Autoliv ASP, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE THOMPSON, SHIRLEY THOMPSON, and DENNIS THOMPSON, | Case No. 2:09-cv-01375-PMP-LRL |
| Plaintiffs, | |
| vs. | **JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** |
| AUTOLIV ASP, INC., a Delaware Corporation; TRW AUTOMOTIVE U.S. LLC, a Delaware Corporation licensed in Nevada, | |
| Defendants. | |

Plaintiffs Nicole Thompson, Dennis Thompson, and Shirley Thompson (collectively "plaintiffs") and defendant Autoliv ASP, Inc. ("Autoliv") submit their Joint Motion for Determination of Good Faith Settlement.  This motion is made and based on the pleadings and papers in this proceeding, NRS 17.245, and the points and authorities that follow.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On April 24, 2009, plaintiffs sued Autoliv, a supplier of automotive safety restraint components, along with TRW Automotive U.S., LLC ("TRW"), another supplier, for damages allegedly incurred as a result of a vehicular accident. Plaintiffs' amended complaint alleged claims for: negligence, gross negligence, negligence per se, product defect, and infliction of emotional distress. Plaintiffs Dennis and Shirley Thompson's claim for infliction of emotional distress was dismissed on summary judgment. They have appealed that decision.

To resolve this matter as between them, to avoid further expenses, and without admitting any wrongful conduct, Autoliv and plaintiffs have entered into a confidential settlement agreement to fully and finally settle all claims against Autoliv, subject to this Court's approval and determination that the settlement has been made in good faith. A copy of the confidential settlement agreement is being submitted in camera for the Court's review. Accordingly, this Court should issue an order determining that the proposed settlement between plaintiffs and Autoliv was reached in good faith.

## II.   LEGAL ARGUMENT

NRS 17.245 sets forth the effect of a release or a covenant not to sue when parties to a lawsuit have reached a settlement:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
>
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>
> (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

NRS 17.245.1(a)–(b).  The purpose of NRS 17.245 is "to encourage settlements by discharging all liability for contribution by a settling tortfeasor to others upon a finding that the settlement was entered in good faith." *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 631, (D.Nev. 2002) (citing *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 926 (D.Nev. 1983).  The determination of a good faith settlement is left to the discretion of the trial court and is based upon all relevant facts available.  *Velsicol Chemical Corp. v. Davidson*, 107 Nev. 356, 360, 811 P.2d 561, 564 (1991).

Although there is no exhaustive list of criteria to be considered when determining whether a settlement has been reached in good faith, the Nevada Supreme Court has held the following factors are relevant in evaluating good faith issues related to the settlement of claims between parties:  (1) the amount paid in settlement; (2) the allocation of the settlement proceeds among plaintiffs; (3) the insurance policy limits of settling defendants; (4) the financial condition of settling defendants; (5) the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants; and (6) the strengths and weaknesses of any contribution or indemnity claims.  *The Doctors Co. v. Vincent*, 120 Nev. 644, 98 P.3d 681, 686–87 (2004).

Here, Autoliv and plaintiffs have agreed to settle this matter for an amount, which is fair and equitable.  This settlement agreement was reached only after the parties engaged in extensive arms' length negotiations, which included mediation with mediator Joe Bongiovi, Esq.  Before entering into this settlement agreement, the parties and their counsel gave full consideration to the financial condition of the settling parties, the discovery and results thereof, the strengths and weakness of plaintiffs' claims and Autoliv's defenses, the merits of all contribution and indemnity claims, the risks and possible result of a trial on the merits, the litigation costs and expenses that would be incurred absent a settlement, and the other benefits of resolving the claims at this time.  Thus, the

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

settlement between Autoliv and plaintiffs was reached in good faith in accordance with NRS 17.245.

## III.   CONCLUSION

Based on the foregoing, plaintiffs and Autoliv respectfully request the Court to grant their motion for determination of good faith settlement and that the Court also order that Autoliv ASP, Inc., be removed from the caption.

EDWARD J. ACHREM &
ASSOCIATES, LTD.

By: /s/ Edward J. Achrem
  Edward J. Achrem, Bar No. 2281
  512 South Tonopah
  Suite 100
  Las Vegas, Nevada 89106

Attorneys for Plaintiffs

MORRIS PETERSON

By: /s/ Ryan Lower
  Steve Morris, Bar No. 1543
  Ryan Lower, Bar No. 9108
  900 Bank of America Plaza
  300 South Fourth Street
  Las Vegas, Nevada 89101

Jeff M. Golub (*admitted pro hac vice*)
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney Street, Suite 4500
Houston, Texas  77010

Attorneys for Defendant
Autoliv ASP, Inc.

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PETERSON, and that the following documents were served via electronic service:

**JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**

Michael E. Stoberski
Olson Cannon Gurley & Desruisseaux
9950 West Cheyenne Avenue
Las Vegas, NV  89129
*Attorneys for Defendant*
*TRW Automotive U.S. LLC*

David R. Tippetts
Katheryne R. MarDock
Weinstein Tippetts & Little, LLP
7660 Woodway, Suite 500
Houston, Texas  77063
*Attorneys for Defendant*
*TRW Automotive U.S. LLC*

DATED this 23rd day of February, 2011.

By: _____

MORRIS PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422