**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NICOLE THOMPSON,<br><br>      Plaintiff,<br><br>vs.<br><br>TRW Automotive U.S., LLC, a Deleware Corporation licensed in Nevada; DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>      Defendants | 2:09-cv-01375-JAD-PAL<br><br>**ORDER DENYING MOTION TO REASSIGN CASE BACK TO JUDGE PRO (#168)** |

**Introduction**[1]

This is a products-liability case arising out of an automobile accident. Doc. 33. Thompson generally alleges that on April 27, 2007, she was driving a 1998 Dodge Neon in Las Vegas, Nevada, when the driver of another vehicle swerved into her lane and struck the side of her car. *Id.* at 4. The force of the collision caused Thompson's vehicle to veer off of the road, where it first struck the curb, and then a large power pole "virtually head on," at a speed of approximately 27 miles per hour. *Id.* The air bags did not deploy. *Id.* Thompson sustained personal injuries. *Id.* She contends that the air bag system was defective, and she sues manufacturer TRW Automotive U.S. LLC for negligence, gross negligence, negligence per se, and product defects. *Id.* at 10.

This case was originally assigned to U.S. District Judge Philip M. Pro. On August 6, 2013, shortly after Judge Jennifer Dorsey joined the United States District Court for the

---

[1] This factual description is intended only for general background and is not intended as any finding of fact.

District of Nevada, Chief U.S. District Judge Robert C. Jones issued a minute order reassigning the case from Judge Pro (who has taken senior status) to Judge Dorsey, Doc. 163, and the case was placed on Judge Dorsey's October 22, 2013, trial stack. *See* Doc. 164. On August 19, 2013, TRW filed the instant Motion to Reassign Case Back to Judge Phillip M. Pro, suggesting that Judge Pro's familiarity with this case and apparent interest in seeing it through trial warrant reassignment back to Judge Pro "in the interests of judicial economy and resources." Doc. 168 at 5. Plaintiff Nicole Thompson opposes the Motion. *See* Doc. 169. For the reasons set forth below, the Court denies the motion.

### Discussion

**A.    Legal Standard**

No Federal Rule of Civil Procedure directly governs reassignment of actions from one U.S. District Judge to another, although Rule 1 states that, as a general matter, the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* Similarly, few cases have considered the merits of such a reassignment when the rationale underpinning reassignment is merely judicial efficiency.[2] The scant persuasive authority that does exist expresses marked disapproval that a judge's familiarity with a particular litigation promotes judicial economy at all, as the concept "flies in the face of the fact that decisions are not made by courts based on personal or prior knowledge . . . but, rather, on the record and admissible evidence." *In re Ricks*, No. 12-0291-TLM, 2012 WL 4017952, at *3 (Bankr. D. Idaho Sept. 12, 2012). To establish entitlement to reassignment, a party must show that a proposed judge has specific and recent experience with the law in question. *See Straus Family Creamery v. Lyons*, 219 F. Supp. 2d 1046, 1048-49 (N.D. Cal. 2002) (declining to reassign case to judge who had

---

[2] The majority of cases involving reassignment occur where judicial bias has been alleged. *See, e.g.*, *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988); *Wilkinson v. Lewis*, 958 F.2d 380, 1992 WL 51344 (9th Cir. Mar. 18, 1992) (citing *Volpe*). Where, as here, no judicial bias is alleged, the Ninth Circuit will only reassign a case on remand when confronted with "unusual circumstances." *United States v. Sears, Roebuck & Co., Inc.*, 785 F.2d 777, 780 (9th Cir. 1986). Even then, however, the reasoning of *Sears* is limited to the appellate court's authority to reassign on remand; *Sears* has never been cited by any District Judge as authority for the reassignment of a matter to another district judge.

issued a summary judgment ruling on the same statute in a legally related case three years ago). Generally, reassignment has been ultimately reserved for only the most complex of cases that already consume "tremendous judicial resources." *In re Industrial Gas Antitrust Litigation*, 1985 WL 2869, at *6 (N.D. Ill. 1985) (finding that judicial economy was furthered by reassigning case involving 172,000 class plaintiffs in complex antitrust matter over which the judge had been presiding for five years).

**B.    Judicial Economy**

In support of its Motion, TRW contends that the case has been pending for four years and is now two months from trial. Doc. 168 at 2. TRW argues that the case involves "complex facts and legal intricacies that have been developed and crafted through an extensive four-year litigation process," and that although both the undersigned and Judge Pro are equally competent, Judge Pro has "invaluable expertise" in the matter after ruling on several unspecified motions. *Id.* at 3.[3] Therefore, TRW contends that reassignment will promote judicial economy.

In opposition, Thompson argues that Judge Pro's personal familiarity with the case was already considered when Chief Judge Jones reassigned it. Doc. 169 at 2-3 ("Clearly, the Court knows its obligations, the fact that the 5-Year Rule in this case will run next April, and each Judge's calendar constraints far better than the parties."). Thompson points out that "the trial could be continued to another stack, irrespective of which Judge will be trying the case." *Id.* at 3.[4]

TRW gestures to the complexity of the "air bag deployment" issue and Judge Pro's rulings on "numerous motions" without specifically demonstrating why these issues are complex or why reassignment to Judge Pro will result in a more expeditious trial. These

---

[3] In support of its contentions, TRW cites *Zoltar Satellite Systems, Inc. v. LG*, 402 F. Supp. 2d 731 (E.D. Tex. 2005), and *Logan v. Hormel Foods Corp.*, 2004 WL 5216126 (E.D. Tex. 2004). These cases are inapposite because they involve transfer of venue to a different "district or division," which is explicitly governed by 28 U.S.C. § 1404(a) and which is not the basis for the instant request.

[4] Thompson does reference the Court's prior order granting preferential trial setting, Doc. 149, and states that she "would like the preferential setting to be taken into consideration." Doc. 169 at 3.

3

generalized arguments, without more, are insufficient to demonstrate how Judge Pro's prior experience with this matter would promote judicial economy.

**C.   Judicial Preference**

TRW also contends that the case should be reassigned to Judge Pro because that is what Judge Pro would have wanted. To support this contention, TRW attaches to its Motion an excerpted copy of the August 1, 2011, hearing in which Judge Pro states that he "almost hope[d]" that the case would not settle, and that "he was looking forward to presiding over the trial in this matter." Doc. 168; 168-1 at 3. In opposition, Thompson points out that Judge Pro's apparent interest in trying the matter, to the degree relevant at all, occurred more than two years prior to reassignment. Doc. 169 at 3. Even assuming that Judge Pro's comment that he was "looking forward" to trying the case is an accurate reflection of the tenor of the hearing, TRW furnishes no authority to support the proposition that this judicial interest should factor into a reassignment decision, and the Court's own investigation has found none.

**Conclusion**

Based on the foregoing, **IT IS HEREBY ORDERED** that TRW's Motion to Reassign Case Back to Judge Phillip M. Pro (Doc. 168) is **DENIED**.

September 4, 2013.

Jennifer A. Dorsey
United States District Judge