DAVID R. TIPPETTS, ESQ.
Admitted *pro hac vice*
MATTHEW E. COVELER, ESQ.
Admitted *pro hac vice*
BENJAMIN T. ZINNECKER, ESQ.
Admitted *pro hac vice*
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, Texas 77063
Tel. (713) 244-0800
Fax (713) 244-0801
david.tippetts@wtllaw.com

MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Tel. (702) 384-4012
Fax (702) 383-0701
mstoberski@ocgas.com

Attorneys for Defendant TRW Automotive U.S. LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \* \*

| | |
|---|---|
| NICOLE THOMPSON, | CASE NO. 2:09-cv-1375-JAD-PAL |
| Plaintiff, | |
| vs. | **TRW AUTOMOTIVE U.S. LLC'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |
| TRW AUTOMOTIVE U.S. LLC, et al., | |
| Defendants. | |

Plaintiff's Bill of Costs (ECF No. 328) totals $104,380.63. Included in this figure are almost $23,000 in expert expenses incurred in a prior case; over $35,000 in unsubstantiated "Office Copy Charges"; and over $2,500 in "Other Costs," including postage, Federal Express, fax, telephone, and binders. Plaintiff shoots for the moon, but in the process, she disregards the narrow, limited, and modest scope Congress has specified for taxable costs. *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). Accordingly, Defendant TRW Automotive

U.S. LLC ("TRW") objects to Plaintiff's Bill of Costs (ECF No. 329), pursuant to Local Rule 54-13, as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.     Legal Standards for Taxing Costs**

      **1.     Congress Has Confined Taxable Costs to Narrow, Specific Categories.**

"Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012). However, Rule 54(d) does not create a preference for an award of costs to the prevailing party. *Id.* at 2005-06. On the contrary, "the discretion granted by Rule 54(d) is not a power to evade the specific categories of costs set forth by Congress." *Id.* at 2006 (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)) (quotation omitted). "Rather, it is solely a power to <u>decline</u> to tax, as costs, the items enumerated in [28 U.S.C.] § 1920." *Crawford Fitting*, 482 U.S. at 442 (emphasis added). Accordingly, in determining taxable costs, the trial court should "hew closely to the statute's language, scheme, and context." *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (citing *Taniguchi*, 132 S. Ct. at 2006).

"[T]axable costs are limited by statute [§ 1920] and are modest in scope." *Taniguchi*, 132 S. Ct. at 2006. Indeed, "[t]axable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators." *Id.* "A party may only recover 'taxable' costs, not all costs. There is a reason for the distinction. A losing party is required to pay taxable costs, but not finance the entire pursuit of, or preparation for, the case." *Hester v. Vision Airlines, Inc.*, No. 2:09-cv-0117-RLH-RJJ, 2011 U.S. Dist. LEXIS 13208, *5 (D. Nev. Jan. 31, 2011).

Taxable costs are "limited to relatively minor, incidental expenses." *Taniguchi*, 132 S. Ct. at 2006. Specifically, Congress has limited those minor, incidental expenses to the following categories:

    (1)   Fees of the clerk and marshal;

    (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Local Rule 54 provides additional guidance about taxable costs by "detail[ing] specifically which of the most common costs are and are not taxable." *Liberty Mut. Ins. Group v. Panelized Structures, Inc.*, No. 2:10-cv-01951-MMD-PAL, 2013 U.S. Dist. LEXIS 84090, *9 (D. Nev. June 14, 2013) (citing LR 54-1).

**2.  The Court Cannot Award Unnecessary, or Unsubstantiated, Costs.**

Both statutory law and the local rules require taxable costs to reflect services and disbursements which "have been actually and necessarily provided and made." 28 U.S.C. § 1924; LR 54-1(b). Accordingly, any unnecessary fees and expenses are not taxable as costs. *See id*. The local rules also require a bill of costs "distinctly set forth each item so that its nature can be readily understood . . . ." LR 54-1(b). Specifically, "[a]n itemization and, where available, documentation of requested costs in all categories <u>must</u> be attached to the bill of costs." *Id.* (emphasis added).

**3.  The Court Should Not Award Costs Associated with a Prior Case.**

Because Plaintiff claims fees and expenses related to a prior lawsuit, a brief factual background is necessary. On June 25, 2007, Plaintiff filed her first, state court lawsuit arising from her April 27, 2007 collision. Ex. A, Compl. for Damages. In the first lawsuit, Plaintiff sued Eusebio Villatuya (the at-fault driver) and Las Vegas Paving Co. (the construction company doing work at the scene). *Id.* TRW was not a party to the case.

Plaintiff subsequently settled, pre-trial, with both Villatuya and Las Vegas Paving. The state court dismissed Villatuya on September 5, 2007 and Las Vegas Paving on October 22,

1  2008. Ex. B, Not. of Entry of Stip. and Order for Dismissal as to Defendant Eusebio Villatuya
2  ("Villatuya Dismissal"); Ex. C, Not. of Entry of Stip. and Order for Dismissal as to Las Vegas
3  Paving ("LVP Dismissal").  In both Stipulations, all parties agreed to bear their own attorneys'
4  fees and costs.  *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF
5  pp. 3-5.
6       In most instances, fees and expenses associated with a different case are improper taxable
7  costs under statutory law because they were not "necessarily incurred in the case." 28 U.S.C. §
8  1924.  Although discovery and other materials from a prior case may be "highly useful and
9  necessary" in the case where a party is seeking costs, the court should not allow costs that "were
10  not actually undertaken *ab initio* for use in presenting evidence to the court" in the present case.[1]
11  *Am. Auto. Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (refusing to award
12  costs for deposition transcripts taken in a related state court case).  *See also, e.g., Transamerica*
13  *Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. C06-110-MWB, 2009 U.S. Dist. LEXIS 72572,
14  *15-16 (N.D. Iowa Aug. 17, 2009) (refusing to award deposition and discovery costs prior to the
15  filing of the current case); *Jones v. Cargill, Inc.*, No. 05-CV-129-LRR, 2007 U.S. Dist. LEXIS
16  39710, *4-5 (N.D. Iowa May 31, 2007) (refusing to award costs, incurred before the filing of the
17  case, to obtain an arbitration transcript); *Charter Med. Corp. v. Cardin*, 127 F.R.D. 111, 114 (D.
18  Md. 1989) (refusing to award costs for deposition transcripts used in related litigation).

19      **4.**    **The Court Should Not Penalize Through Costs.**

20       The court has the discretion to decline to award the items and amounts requested by the
21  plaintiff.  The bill of costs is not intended to penalize the opposing party. *Alonso v. Union Oil*
22  *Co.*, 71 F.R.D. 523, 524 (S.D.N.Y. 1976).  *See also Wolfe v. Int'l Brotherhood of Teamsters*, No.
23  91-16261, 1992 U.S. App. LEXIS 33434, *7 (9th Cir. Dec. 7, 1992).  The court should consider

---

[1] The taxable costs issue is separate and distinct from TRW's right to offset Plaintiff's settlements with Villatuya and Las Vegas Paving.  *See* TRW's Mot. to Alter or Amend the Judgment to Obtain Offset (ECF No. 336).  Plaintiff's limited ability to recover costs comes from different statutes (e.g., 28 U.S.C. §§ 1920 & 1924) with different wording ("necessarily incurred in the case") than does TRW's ability to obtain offsets (NRS 17.245(1)(a): settlements "in good faith" and "for the same injury").  Accordingly, even though Plaintiff may not recover costs incurred in the prior, state court litigation, TRW is entitled to offset based on Plaintiff's "good faith" settlements with Villatuya and Las Vegas Paving.

the burden the amount of costs imposes on the opposing party, *see Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010), since "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi*, 132 S. Ct. at 2006.

**B.     Objections**

Plaintiff's Bill of Costs seeks an award of expenses far beyond the narrow, limited, and modest scope of § 1920.  And Plaintiff fails to substantiate many of the costs she is claiming. Accordingly, TRW objects to each of the seven line item figures and amounts listed in Plaintiff's Bill of Costs as follows.

**1.     Fees of the Clerk**

Although § 1920(1) permits the Court to tax clerk fees, TRW objects to Plaintiff's claimed fees for two reasons:  (1) Plaintiff includes $148 in clerk fees from the prior case, and (2) Plaintiff includes $175 in pro hac vice admission fees.  *See* Ex. 1 to Plf's Bill of Costs (ECF No. 328-1).  The Court should deny an award of prior clerk fees and pro hac vice admission fees for the following reasons.

***Clerk Fees from Prior Case:***  First, clerk fees incurred in the prior case are simply not "necessarily incurred" in the current case.  *See* 28 U.S.C. § 1924; LR 54-1(b).  Plaintiff has not even attempted to show how filing and service fees in the prior lawsuit were "necessary" for the prosecution of the current lawsuit.  The Court should deny clerk fees not necessarily incurred for the current case.  *See* Section A.3. above.

Second, Plaintiff, Villatuya, and Las Vegas Paving all settled, and each party agreed to bear its own attorneys' fees and costs.  *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF pp. 3-5.  Because of the settlement, (a) Plaintiff was not a "prevailing party" in the prior case, *see* FED. R. CIV. P. 54(d)(1); and (b) Plaintiff cannot now claim costs against TRW in a subsequent case after agreeing to bear her own costs.  It would be unjust to allow Plaintiff to recover costs she agreed to bear.

Finally, taxing fees and expenses incurred in a different case, and with respect to different defendants, would unjustly punish TRW.  *See* Section A.4. above.  TRW was not a party to the prior litigation and had no notice of the costs being incurred.

***Pro Hac Vice Admission Fees:*** The Ninth Circuit has expressly prohibited pro hac vice fees as taxable costs. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013). Plaintiff cannot recover pro hac vice admission fees, either in the prior case, or in the current one.

### 2. Fees for the Service of Summons and Subpoena

TRW objects to the $66 fee for service of summons and complaint to Eusebio Villatuya, the $42 fee for service of summons and complaint to Las Vegas Paving Co., and the $60 fee for service of subpoena to Las Vegas Metro Police Department. *See* Ex. 2 to Plf's Bill of Costs (ECF No. 328-2).

Plaintiff incurred each of the fees in the prior, state court case. The fees were <u>not</u> "necessarily incurred" in the current case. *See* 28 U.S.C. § 1924; LR 54-1(b). *See also* Section A.3. above. Furthermore, Plaintiff, Villatuya, and Las Vegas Paving all settled, and each agreed to bear its own attorneys' fees and costs. *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF pp. 3-5. Because of the settlement, (a) Plaintiff was not a "prevailing party" in the prior case, *see* FED. R. CIV. P. 54(d)(1); and (b) Plaintiff cannot now claim costs against TRW in a subsequent case after agreeing to bear her own costs. Finally, taxing fees and expenses incurred in a different case, and with respect to different defendants, would unjustly punish TRW. *See* Section A.4. above. TRW was not a party to the prior litigation and had no notice of the costs being incurred.

### 3. Fees for Printed or Electronically Recorded Transcripts

TRW objects to (a) the $804.20 in deposition transcript costs incurred in the prior case, (b) the $3,059.05 in trial transcript costs neither requested by the Court nor prepared pursuant to stipulation, and (c) portions of the additional $29,312.25 in deposition transcript costs disallowed by Local Rule 54-4, as discussed below. *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3).

***Transcripts of Depositions from Prior Case:*** The fees related to the first five depositions in Plaintiff's list occurred in the prior, state court case. *See* Ex. 3 to Plf's Bill of Costs (ECF No.

328-3), at ECF p. 1.[2]  Accordingly, the fees related to the first five depositions were <u>not</u> "necessarily incurred" in the current case.  *See* 28 U.S.C. § 1924; LR 54-1(b).  Furthermore, Plaintiff, Villatuya, and Las Vegas Paving all settled and agreed to bear their own attorneys' fees and costs.  *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF pp. 3-5.  Because of the settlement, (a) Plaintiff was not a "prevailing party" in the prior case, *see* FED. R. CIV. P. 54(d)(1); and (b) Plaintiff cannot now claim costs against TRW in a subsequent case after agreeing to bear her own costs.  Finally, taxing fees and expenses incurred in a different case, and with respect to different defendants, would unjustly punish TRW.  *See* Section A.4 above.  TRW was not a party to the prior litigation and had no notice of the costs being incurred.

***Trial Transcripts:***  "Transcripts of pretrial, trial, and post-trial proceedings are not taxable unless either requested by the Court or prepared pursuant to stipulation approved by the Court."  LR 54-3.  Plaintiff did not, and cannot, show (a) the Court requested the transcripts, or (b) the parties stipulated to the preparation of the transcripts.  Accordingly, the trial transcript fees included in Plaintiff's bill of costs (totaling $3,059.05) do not qualify as taxable costs under Local Rule 54-3.  *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF pp. 50-66.

***Deposition Transcripts:***  First, Local Rule 54-4 only allows for the taxation of either an original or copy of a deposition transcript, but not both.  *See also Kim v. Kearney*, No. 2:09-CV-02008-PMP-PAL, 2012 U.S. Dist. LEXIS 75207, *5 (D. Nev. May 31, 2012) (disallowing multiple deposition copies).  Plaintiff incorrectly includes the costs for both an original and one certified copy of the deposition transcript when, for example, itemizing transcript expenses for deponents Jeffrey Rochette (deposed three times), Frank Kiiskila, Jeffery Pearson (deposed three times), Russell Brantman, Stanley Cohen, David Weiner, Emma Vasquez, Michael Klima, Elizabeth Raphael, and Gregory Stephens.  *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF pp. 24-26, 32-49.  Second, the Court should disallow video deposition expenses as outside the narrow, limited, and modest scope of § 1920, and as outside the scope of Local Rule 54-4.

---

[2] The first Nicole Thompson deposition was taken in the prior, state court case.  Indeed, the invoices related to the first Nicole Thompson deposition indicate the prior, state court case number A543613.  *Compare* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF pp. 6, 10-11, *with* Ex. A, Compl. for Damages.

*See Taniguchi*, 132 S. Ct. at 2006.  *See also Rubin v. Scotts Co. LLC*, No. 2:09-cv-02419-GMN-VCF, 2014 U.S. Dist. LEXIS 129525, *6-7 (D. Nev. Sept. 16, 2014) (citing Local Rule 54-4 and disallowing costs associated with deposition videos); *Kim*, 2012 U.S. Dist. LEXIS 75207, at *5 (same).  Plaintiff errs when including Nicole Thompson's video deposition expenses along with the stenographic transcription expenses.  *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF pp. 10-12.  Additionally, it appears the invoices related to the Frank Kiiskila and Jeffrey Rochette videoconference depositions do not segregate transcription expenses from videotaping expenses.  *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF pp. 16-18.  Because § 1920 and Local Rule 54-4 do not allow videotaping costs, the Court should reduce or eliminate Plaintiff's claimed costs related to the Kiiskila and Rochette depositions.  Finally, Local Rule 54-4 disallows "expenses in arranging for taking a deposition."  Accordingly, Plaintiff should not include the two invoices for room rentals in her bill of costs.  *See* Ex. 3 to Plf's Bill of Costs (ECF No. 328-3), at ECF p. 19.  *See also Rubin*, 2014 U.S. Dist. LEXIS 129525, at *7 (disallowing costs related to a deposition room).

### 4. Fees and Disbursements for Printing

TRW objects to the $299.25 Plaintiff claims for photograph enlargements and $1,500.00 for high impact demonstrative imaging copies.  *See* Ex. 4 to Plf's Bill of Costs (ECF No. 328-4). Local Rule 54-7 does not permit Plaintiff to obtain costs for enlargements greater than 8 by 10 inches in size.  The photograph enlargements on foam boards were either 32 by 48 inches or 42 by 60 inches in size.  *See* Ex. 4 to Plf's Bill of Costs (ECF No. 328-4), at ECF p. 5.  With respect to the medical imaging, even if they are 8 by 10 inches in size or smaller, there is no way of knowing, from the documentation Plaintiff provided, whether they were "admitted into evidence."  *See* LR 54-7.  *See also* Section A.2., above.  Accordingly, the Court should disallow the foregoing printing costs.

### 5. Fees for Witnesses

TRW objects to the $22,939.87 for expert witness fees and expenses incurred in the prior case and $2,382.67 in witness fees pertaining to the prior and/or current case.  *See* Ex. 5 to Plf's Bill of Costs (ECF No. 328-5).  For the following reasons, the Court should disallow the fees.

***Expert Witness Fees and Expenses in Prior Case:*** First, federal law limits expert witness fees to $40 per day for the witness's attendance at deposition or trial. *Tracey v. Am. Family Mut. Ins. Co.*, No.: 2:09-cv-1257-GMN-PAL, 2010 U.S. Dist. LEXIS 139323, *27 (D. Nev. Dec. 30, 2010) (citing 28 U.S.C. § 1821(a)(1) & (b)). *See also L&W Supply Corp. v. Acuity*, 475 F.3d 737, 740-41 (6th Cir. 2007) (discussing three Supreme Court cases supporting the conclusion that expert fees are not recoverable as costs absent statutory authority); *accord Gordon v. Adams*, No. 3:08-cv-00200-LRH-RAM, 2010 U.S. Dist. LEXIS 69391, *3 (D. Nev. June 18, 2010) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "[F]ederal procedural law governs the taxation of costs, not Nevada's procedural law on the taxation of costs." *Kim*, 2012 U.S. Dist. LEXIS 75207, at *6-7 (holding NEV. REV. STAT. 18.005 does not apply). Accordingly, expert witness expenses Plaintiff incurred in a prior case may not be taxed to TRW. *See* Ex. 5 to Plf's Bill of Costs (ECF No. 328-5), at ECF p. 2.

Second, Plaintiff incurred the expert witness expenses in the prior, state court case. The fees were <u>not</u> "necessarily incurred" in the current case. *See* 28 U.S.C. § 1924; LR 54-1(b). Plaintiff, Villatuya, and Las Vegas Paving all settled and agreed to bear their own attorneys' fees and costs. *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF pp. 3-5. Because of the settlement, (a) Plaintiff was not a "prevailing party" in the prior case, *see* FED. R. CIV. P. 54(d)(1); and (b) Plaintiff cannot now claim costs against TRW in a subsequent case after agreeing to bear her own costs. Finally, taxing fees and expenses incurred in a different case, and with respect to different defendants, would unjustly punish TRW. *See* Section A.4. above. TRW was not a party to the prior litigation and had no notice of the costs being incurred.

***Other Witness Expenses:*** Federal law limits witness fees to $40 per day for the witness's attendance at deposition or trial. *See* 28 U.S.C. § 1821(a)(1) & (b). Based on these legal guidelines, Plaintiff has improperly calculated fees as to at least two witnesses: Melissa Plemmons and Lou Esposito (designated to testify by deposition).

**Melissa Plemmons:** Melissa Plemmons did not testify at trial. Under Local Rule 54-5, if a witness did not testify, the statutory witness fees are taxable only if shown her attendance was necessary. Otherwise, the presumption is her attendance was

1   unnecessary, and the Court should disallow Plaintiff's claimed fees of $82.20.  *See* Ex. 5
2   to Plf's Bill of Costs (ECF No. 328-5), at ECF p. 1.

3   **Lou Esposito:**  Lou Esposito, who was designated to testify by deposition, should
4   similarly be excluded because Plaintiff never used his deposition testimony at trial.  *See*
5   Ex. 5 to Plf's Bill of Costs (ECF No. 328-5), at ECF p. 1; LR 54-5(a).

6   **6.     Fees for Exemplification and the Costs of Making Copies**

7   TRW objects to the $37,370.55 in office copy charges, $1,408.26 in record charges
8   associated with the June 25, 2007 case, and $3,456.85 in record charges associated with the
9   current case.  *See* Ex. 6 to Plf's Bill of Costs (ECF No. 328-6).  For the following reasons, the
10  Court should disallow the costs.

11  *Miscellaneous Office Copy Charges:*  Plaintiff claims $37,370.55 in copy charges.  *See*
12  Ex. 6 to Plf's Bill of Costs (ECF No. 328-6), at ECF pp. 5-8.  "[Plaintiff] appears to be seeking
13  reimbursement for every copying cost [she] incurred during this litigation.  The Local Rules do
14  not provide for such."  *Hester*, 2011 U.S. Dist. LEXIS 13208, at *5.  Plaintiff has not even
15  attempted to show how the miscellaneous copy charges were "necessarily obtained for the case."
16  *See* 28 U.S.C. §§ 1920(4) & 1924; LRs 54-1(b) & 54-6(a).  *See also* Section A.2. above.  Nor
17  does Plaintiff attempt to show, for example, which copies were furnished to counsel for TRW or
18  Autoliv without request.  *See* LR 54-12 (disallowing courtesy copies to opposing counsel without
19  request).  Plaintiff's "categorical summaries of [her] expenses . . . lack the sufficient detail to
20  determine what portion is taxable and what portion is not."  *Liberty Mut. Ins. Group v. Panelized*
21  *Structures, Inc.*, No. 2:10-cv-01951-MMD-PAL, 2013 U.S. Dist. LEXIS 84090, *10 (D. Nev.
22  June 14, 2013).  Accordingly, the Court should decline to tax the copy charges in their entirety.

23  Furthermore, the charge of $0.35 for a black and white copy is unreasonable.  *See* Ex. 6
24  to Plf's Bill of Costs (ECF No. 328-6), at ECF pp. 5-8.  The intent of a bill of costs is to be
25  compensatory, and copy costs should be applied at a rate which is reasonable, fair, and in tandem
26  with the market price.  *See Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th
27  Cir. 1994) (concluding in-house reproduction charges may not exceed the charges of an outside
28  print shop).  For example, a recent survey in the Eleventh Circuit indicates a reasonable rate is

$0.10 to $0.14 per copy.  *See Denton v. Daimlerchrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009).  Even if the Court does not disallow all of the copy costs (which it should), the Court should reduce the rate charged per copy.

***Copies of Medical, Tax, and Police Records:***  The Court should disallow Plaintiff's claim for medical, tax, and police records.  *See* Ex. 6 to Plf's Bill of Costs (ECF No. 328-6), at ECF pp. 1-4.  First, Plaintiff has not demonstrated the record copies were necessary for use in the case.  *See* 28 U.S.C. §§ 1920(4) & 1924.  The local rules outline criteria further limiting taxation of copies.  For instance, exhibit copies to be attached to a document which must be filed and served in order to be taxable.  *See* LR 54-6(a).  And costs related to copies for counsel's use are not taxable.  *See id.  See also Hester*, 2011 U.S. Dist. LEXIS 13208, at *5 (noting limited scope of taxable copy costs under Local Rule 54-6).  There is no indication in Plaintiff's bill of costs that the medical records meet the criteria set forth in statutory law and corresponding rules.  Accordingly, TRW objects to taxing $3,456.85 in medical and other charges in the current case.

Second, copies obtained in the prior case are not taxable to TRW.  Plaintiff filed the current lawsuit on April 4, 2009.  *See* Ex. 1 to Notice of Removal (ECF No. 1-2).  Accordingly, the Court should attribute any copies of medical, tax, and police records Plaintiff obtained prior to April 4, 2009—totaling $1,408.26—to the state court case.  Copies related to the prior case were <u>not</u> "necessarily incurred" in the current case.  *See* 28 U.S.C. § 1924; LR 54-1(b).  *See also* Section A.3. above.  Furthermore, Plaintiff, Villatuya, and Las Vegas Paving all settled and agreed to bear their own attorneys' fees and costs.  *See* Ex. B, Villatuya Dismissal, at ECF pp. 5-6; Ex. C, LVP Dismissal, at ECF pp. 3-5.  Because of the settlement, (a) Plaintiff was not a "prevailing party" in the prior case, *see* FED. R. CIV. P. 54(d)(1); and (b) Plaintiff cannot now claim costs against TRW in a subsequent case after agreeing to bear her own costs.  Finally, taxing fees and expenses incurred in a different case, and with respect to different defendants, would unjustly punish TRW.  *See* Section A.4. above.  TRW was not a party to the prior litigation and had no notice of the costs being incurred.

**7.     Other Costs**

Plaintiff has included $2,669.98 in "other costs"—including costs for faxes, Fed Ex, long distance telephone, postage, and binders. *See* Ex. 7 to Plf's Bill of Costs (ECF No. 328-7). TRW objects to Plaintiff's "other costs" in their entirety. First, they do not fall within any of the narrowly defined categories of costs provided by Congress. *See Taniguchi*, 132 S. Ct. at 2006 ([T]axable costs are limited by statute [§ 1920]."). *See also* Section A.1. above. Second, Plaintiff has not shown the costs are necessary. *See* Section A.2. above. Third, Nevada federal courts routinely decline to tax costs Plaintiff claims in her "Other Costs" section because they are outside the scope of § 1920. *Liberty Mut. Ins. Group*, 2013 U.S. Dist. LEXIS 84090, at *10 (postage, fax, and long distance telephone charges); *Kim*, 2012 U.S. Dist. LEXIS 75207, at *6 (postage); *Hester*, 2011 U.S. Dist. LEXIS 13208, at *5 (couriers, supplies, Federal Express, binders, paper and other supplies, overtime work for employees, and the like). Accordingly, the Court should disallow Plaintiff's "other costs" claim.

## CONCLUSION AND PRAYER

Plaintiff's bill of costs, totaling $104,380.63, violates statutory law, federal and local rules, and case law precedent. Plaintiff's bill of costs includes fees not explicitly listed within the statute's six categories of taxable costs; fees not incurred in the present case; and fees unsubstantiated by adequate documentation to determine their nature. It would be inequitable and unjust for TRW to assume the nontaxable costs included in Plaintiff's bill of costs when a bill of costs is intended to be compensatory and not a windfall for Plaintiff.

Accordingly, TRW respectfully requests the Court sustain TRW's objections to Plaintiff's bill of costs; limit the fees and expenses in accordance with § 1920 and Supreme Court precedent; and award TRW any other relief to which TRW may be justly entitled.

DATED this 29th day of September, 2014.

By:  /s/ *Matthew E. Coveler*
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
OLSON, CANNON, GORMLEY
  ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129

DAVID TIPPETTS, ESQ.
Admitted *pro hac vice*
MATTHEW E. COVELER, ESQ.
Admitted *pro hac vice*
BENJAMIN T. ZINNECKER, ESQ.
Admitted *pro hac vice*
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, Texas  77063

Attorneys for TRW Automotive U.S. LLC

### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on this 29th day of September, 2014, I did serve, via the Court's CM/ECF System, a copy of the above and foregoing document on all counsel of record.

/s/ *Matthew E. Coveler*
Matthew E. Coveler

AN EMPLOYEE OF
WEINSTEIN TIPPETTS & LITTLE LLP

4846-7886-6718, v. 5