UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NICOLE THOMPSON, et al., | Case No. 2:09-cv-01375-JAD-PAL |
| Plaintiffs, | ORDER |
| v. | (Mtn to Seal – Dkt. #338) |
| AUTOLIV SAFETY TECHNOLOGY, INC., et al., | |
| Defendants. | |

This matter is before the court on Defendant TRW Automotive U.S. LLC's ("TRW") Motion for Leave to File Under Seal (Dkt. #338). No response to the Motion was filed, and the time for filing one has now run. The court has considered the Motion.

TRW seeks an order pursuant to Local Rule 10-5(b) permitting it to file Exhibits A, A-1, A-2, A-3, and A-4 (the "Exhibits") to its Motion to Alter or Amend the Judgment to Obtain Offset (Dkt. #336) under seal. TRW asserts the exhibits should be sealed because they contain confidential settlement information.

Because the Motion to Alter or Amend the Judgment is a dispositive motion, TRW must show that compelling reasons to seal the Exhibits. TRW's conclusory statement that the Exhibits "contain confidential settlement information" is insufficient to meet its burden of making a particularized showing of compelling reasons to support sealing the documents. *See Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). A party's burden to show compelling reasons for sealing is not met by general assertions that the information is confidential; instead, the movant must "articulate compelling reasons supported by specific factual findings. *Id*. at 1178. The Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons" standard where the movant makes "conclusory statements about

the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding general assertions regarding confidential nature of documents insufficient). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. Moreover, the movant must make that required particularized showing for each document that it seeks to seal. *See, e.g., San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). TRW has not met this burden. It has not provided any specific facts, supported by affidavits or concrete examples, to show any specific confidential information should remain under seal or establish that disclosure of the information would cause an identifiable and significant harm. In allowing the sealing of a document, the court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g., Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). TRW's conclusory assertion does not allow the court to make such a ruling.

For the foregoing reasons,

**IT IS ORDERED:**

1. Defendant TRW Automotive U.S. LLC's Motion to Seal (Dkt. #338) is DENIED WITHOUT PREJUDICE.
2. TRW shall have until **November 28, 2014,** to file a memorandum of points and authorities to make the required particularized showing of compelling reasons for each document it seeks to file under seal.
3. The Exhibits (Dkt. #337) shall remain under seal until **November 28, 2014**. If TRW fails to timely comply with this order, the Clerk of the Court is directed to unseal the documents to make them available on the public docket.

Dated this 13th day of November, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

- 2 -